BEFORE THE THIRD DIVISION, JUNE 23, 1954

**No. 58212.**—Chinese Art Co. et al. *v.* United States, protests 154812–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of silent butlers, smoothing irons, and trays the same in all material respects as those involved in *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 342, C. D. 710), *The Fan Co.* v. *United States* (25 Cust. Ct. 42, C. D. 1261), and *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423), the claim of the plaintiffs was sustained.

**No. 58213.**—Pacific Dry Goods Company *v.* United States, protests 165042–K, etc. (San Francisco).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the articles involved are the same in all material respects as those the subject of Abstract 57716, the merchandise was held dutiable as follows: (1) The items entered or withdrawn from warehouse for consumption prior to May 30, 1950, at 25 percent ad valorem under paragraph 412, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), supplemented by Presidential proclamation (T. D. 51898); and (2) the items entered or withdrawn from warehouse for consumption on and after May 30, 1950, at 16⅔ percent under said paragraph, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373), supplemented by Presidential proclamation (T. D. 52476).

**No. 58214.**—A. N. Deringer, Inc. *v.* United States, protests 188795–K and 188796–K (Ogdensburg).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of alfalfa meal similar in all material respects to that the subject of *C. J. Tower & Sons* v. *United States* (31 Cust. Ct. 108, C. D. 1553), the claim of the plaintiff was sustained.